UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MIKE AMMERMAN,** | § <br> § <br> § Civil Action No. 26-839 <br> § <br> § <br> § Hon. |
| *Plaintiff*, | |
| v. | |
| **PAMELA BONDI,** <br> in her official capacity as Attorney General of the United States, | |
| and | |
| **DANIEL PATRICK DRISCOLL,** <br> in his official capacity as the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, | |
| *Defendants*. | |

## COMPLAINT

Comes now Plaintiff, Mike Ammerman, by and through his undersigned counsel, and files this Complaint, and in support thereof states as follows:

**I.    Parties**

1.    Plaintiff is an American citizen, a Kentucky farmer, and a proud grandfather. Plaintiff desires to purchase and possess firearms for self-defense within the home and outside the home, and for recreational purposes such as hunting, including by open carry and concealed carry, but he is prevented from doing so by 18 U.S.C. § 922(g)(1).

2.    Defendant Pamela Bondi is the Attorney General of the United States and is sued in her official capacity. As Attorney General, Defendant Bondi is responsible for executing and

1

administering the laws of the United States and their implementing regulations, including 18 U.S.C. § 922(g)(1).

3. Defendant Daniel Patrick Driscoll is the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and is sued in his official capacity. As ATF Director, Defendant Driscoll is responsible for executing and administering firearms laws of the United States and their implementing regulations, including 18 U.S.C. § 922(g)(1).

## II. Jurisdiction and Venue

4. This court has subject matter jurisdiction over Plaintiff's claims against Defendants Bondi and Driscoll under 28 U.S.C. §§ 1331, 2201, and 2202.

5. Venue is proper in this District under 28 U.S.C. § 1391(e)(1)(A).

## III. Factual Allegations

6. Plaintiff desires to possess an ordinary firearm, such as a handgun, for self-defense both within the home and outside the home. Plaintiff sincerely desires to engage in recreational hunting, particularly on federal and state public lands that are open to hunting in jurisdictions in which the only disability to which Plaintiff is subject is that found in 18 U.S.C. § 922(g)(1). Plaintiff desires to exercise his constitutional right to carry such a firearm both openly and concealed.

7. Plaintiff desires to exercise his constitutional right to carry an ordinary firearm in the same manner and to the same extent that the Second Amendment permits ordinary American citizens to carry such a firearm.

8. Plaintiff would exercise his right to carry a firearm but for the federal firearm prohibition in 18 U.S.C. § 922(g)(1) and but for the credible and imminent threat of its enforcement against him should he choose to do so.

9. Federal law prohibits Plaintiff from possessing a firearm because of a non-violent felony conviction for making false statements, in violation of 18 U.S.C. § 2342(b), arising from an underpayment of federal excise tax on cigarettes produced and sold by his family business, Farmers Tobacco. Plaintiff was sentenced in February 2012 to fifteen months of imprisonment and one year of supervised release. Plaintiff has never been convicted of any other crime punishable by imprisonment for a term exceeding one year or of any other crime that would, under federal law, result in a prohibition of his possessing a firearm.

10. Plaintiff has never used, attempted to use, or threatened to use violence against any person.

11. Plaintiff has never been found by any court, judge, magistrate, or other judicial decisionmaker to have used, attempted to use, or threatened to use violence against any person.

12. Under 18 U.S.C. § 922(g)(1), Plaintiff's federal conviction makes it unlawful for Plaintiff to "possess in or affecting commerce, any firearm or ammunition."

13. Under 18 U.S.C. § 922(d)(1), Plaintiff's federal conviction makes it "unlawful for any person to sell or otherwise dispose of any firearm or ammunition to" Plaintiff, if such person knows or has reasonable cause to know of Plaintiff's conviction.

14. Plaintiff's possession of a firearm in violation of 18 U.S.C. § 922(g)(1) is a felony punishable by a fine, imprisonment up to 15 years, or both under 18 U.S.C. § 924(a)(8).

15. With the exception of a full and unconditional presidential pardon or the discretionary grant of relief by the Attorney General under 18 U.S.C. § 925(c), no other remedy exists through which Plaintiff may be excused from the prohibitions set forth above.

16. Plaintiff is a member of "the people" as contemplated by the Second Amendment to the United States Constitution.

17. Natural-born United States citizens over the age of eighteen who have never been found guilty of a crime involving physical violence and who have never been found by a judicial officer to have committed a physically violent act against another person are, presumptively, members of "the people" as contemplated by the Second Amendment to the United States Constitution.

18. Prohibiting Plaintiff from possessing a firearm as set forth above is inconsistent with the historical tradition of firearm regulation in the United States.

IV. **Claim for Relief**

### COUNT I
### Second Amendment to the U.S. Constitution as Applied to Plaintiff;
### Declaratory Judgment Act

19. Plaintiff incorporates by reference paragraphs 1 through 18 of this Complaint.

20. 18 U.S.C. § 922(g)(1), as applied to Plaintiff, violates Plaintiff's fundamental, individual right to keep and bear arms under the Second Amendment to the United States Constitution.

21. Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a declaratory judgment against Defendants that 18 U.S.C. § 922(g)(1) violates his Second Amendment rights.

V. **Prayer for Relief**

Wherefore, based on the foregoing, Plaintiff respectfully requests that judgment be entered in his favor and against defendants as follows:

(1) Enter a declaratory judgment 18 U.S.C. § 922(g)(1), which operates to prohibit Plaintiff from obtaining or possessing a firearm due to his federal conviction, is unconstitutional under the Second Amendment as applied to Plaintiff;

(2) Enter an order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) against Plaintiff; and

(3) Award Plaintiff costs of suit, reasonable attorney's fees under 28 U.S.C. § 2412 or any other applicable statute, other expenses, and any other and further relief that the Court deems appropriate.

**Date:** March 10, 2026                     Respectfully submitted,

/s/ Kyle Singhal
Kyle Singhal (D.C. Bar No. 1601108)
Hopwood & Singhal, PLLC
1701 Pennsylvania Ave., N.W.
Suite 200
Washington, D.C. 20006
(202) 769-4080
kyle@hopwoodsinghal.com
*Attorney for Plaintiff*