IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MIKE AMMERMAN,

Plaintiff,

v.                                                    Civ. A. No. 26-0839 (CKK)

TODD BLANCHE[1], in his official capacity
as Acting Attorney General of the United
States, *et al.*

Defendants.

## *AMENDED*[2] ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Todd Blanche, in his official capacity as Acting Attorney General of the

United States, and Robert Cekada, in his official capacity as the Director of the Bureau of Alcohol,

Tobacco, Firearms and Explosives, ("Defendants"), by and through undersigned counsel, hereby

answers the Complaint (ECF No. 1) filed by Plaintiff Mike Ammerman in this Second Amendment

case, brought under 18 U.S.C. 922(g)(1).   Defendants expressly deny each and every allegation

in the Complaint not specifically admitted or otherwise qualified herein.   Defendants reserve its

right to amend, alter, and supplement the defenses contained in this Answer as the facts and

circumstances giving rise to the Complaint become known to the Defendants through the course

of the litigation.   To the extent the Complaint refers to or quotes from external documents,

---

[1] Pursuant to Fed. R. Civ. P. Rule 25(d), Acting Attorney General of the United States Department of Justice Todd Blanche is automatically substituted for Former Attorney General Pamela Bondi, as of April 2, 2026.   Also, ATF Director Robert Cekada is automatically substituted for Former ATF Acting Director Daniel P. Driscoll, as of April 30, 2026.

[2] Defendants amend this Answer to remove the Second Affirmative Defense.

statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; but such references are not intended to be, and should not be construed to be, an admission that the cited materials are: (1) correctly cited or quoted by Plaintiff; (2) relevant to this, or any other, action; or (3) admissible in this, or any other, action.

## PARTIES[3]

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2.      As to Paragraph 2, Defendants admit that pursuant to Fed. R. Civ. P. Rule 25(d), Acting Attorney General of the United States Department of Justice Todd Blanche is automatically substituted for Former Attorney General Pamela Bondi, as of April 2, 2026.  Acting Attorney General Blanche is the head of the Department of Justice and chief law enforcement officer of the Federal Government, represents the United States in legal matters, and gives advice and opinions to the President and to the heads of the executive departments of the Government as so requested. Acting Attorney General Blanche is responsible, in part, for supervising and directing the administration and operation of the Department of Justice, which includes the Bureau of Alcohol, Tobacco, Firearms, and Explosives.  The remaining allegations in Paragraph 2 are denied as written.

3.      As to Paragraph 3, Defendants admit that pursuant to Fed. R. Civ. P. Rule 25(d), ATF Director Robert Cekada is automatically substituted for Former ATF Acting Director Daniel

---

[3] Merely for ease of reference, the Defendant's Answer replicates the headings contained in the Complaint. Although the Defendant believe no response is required to such headings (Fed R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

P. Driscoll, as of April 30, 2026.    The ATF Director is responsible for enforcing, investigating, and regulating federal laws related to firearms and explosives.   The remaining allegations in Paragraph 3 are denied as written.

## JURISDICTION AND VENUE

4.       This paragraph consists of Plaintiff's conclusions of law, to which no response is required.   To the extent a response is required, Defendants admit that this Court has jurisdiction over this matter subject to the terms and limitations of 18 U.S.C. § 922(g)(1).

5.       This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this judicial district.

## FACTUAL ALLEGATIONS *(as alleged)*

6.       This paragraph consists of Plaintiff's characterization of this action, to which no response is required.   To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore deny them.

7.       This paragraph consists of Plaintiff's characterization of this action, to which no response is required.   To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore deny them.

8.       This paragraph consists of Plaintiff's characterization of this action, to which no response is required.   To the extent a response is required, Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore deny them.

9.    This paragraph consists of Plaintiff's conclusions of law, to which no response is required.   To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore deny them. The statutory reference speaks for itself.

10.    Defendants lack knowledge and information as to the allegation in Paragraph 10, and therefore deny the allegations in Paragraph 10.

11.    Defendants lack knowledge and information as to the allegation in Paragraph 11, and therefore deny the allegations in Paragraph 11.

12.    This paragraph consists of Plaintiff's conclusions of law, to which no response is required.   Defendants deny the remaining allegations in Paragraph 12.

13.    This paragraph consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the statutory provision referenced in this paragraph for a complete and accurate statement of its content and denies any allegations in this paragraph inconsistent therewith.

14.    This paragraph consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the statutory provision referenced in this paragraph for a complete and accurate statement of its content and denies any allegations in this paragraph inconsistent therewith.

15.    This paragraph consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the

statutory provision referenced in this paragraph for a complete and accurate statement of its content and denies any allegations in this paragraph inconsistent therewith.

16.    This paragraph consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the statutory provision referenced in this paragraph for a complete and accurate statement of its content and denies any allegations in this paragraph inconsistent therewith.

17.    This paragraph consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 17.

18.    This paragraph consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 18.

## COUNT 1 *(as alleged)*

19.    Defendants incorporate by reference its responses to all preceding paragraphs.

20.    Defendant denies the allegations in paragraph 20.

21.    Defendant denies the allegations in paragraph 21.

## PRAYER FOR RELIEF *(as alleged)*

The remainder of the complaint contains Plaintiff's requests for relief, to which no response is required.   To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the requested relief,.

Defendants deny all allegations of the Complaint not expressly admitted or denied above.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, Defendants raises the following defenses.

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendants through the course of this litigation.   Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted.


Dated: June 8, 2026
      Washington, DC

                Respectfully submitted,

                JEANINE FERRIS PIRRO
                United States Attorney

                */s/ Catherine J. Malycke*
                CATHERINE J. MALYCKE
                VA Bar No. 84952
                Assistant United States Attorney
                601 D Street, NW
                Washington, D.C. 20530
                Tel: (202) 809-3495
                Catherine.Malycke@usdoj.gov

                *Attorneys for the United States of America*